## MARIA HOPKINS v. BEULAH J. PEASE ET AL.

DISPOSITION OF REMAINDER UPON EXECUTORY DEVISE FOR LIFE ONLY.

A devise to a son with words of perpetuity, and a later clause that if he should die without issue before the testator's widow, she should have the land for life, but makes no provision for the remainder, does not make the remainder intestate property, but only defeats the son's interest to the extent that the lesser interest is carved out of it. This should certainly be the rule if the will shows that to be the intent.

ERROR to the Court of Common Pleas of Clermont county.

SMITH, J.

The error assigned in this case is that the court of common pleas erred in sustaining a demurrer to the petition, and in dismissing the action.

Briefly stated, the substantial averments of the petition are as follows: Plaintiff says that on November 17, 1877, one Gorham Pease died, seized in fee-simple of a tract of real estate in this county, described in the petition, containing about eighty-six acres. He left a will which was duly admitted to probate. He also left surviving him a widow, Margaret Pease (who elected to take the provisions made for her by the will of her husband), and four children, Franklin D. and Beulah J. Pease, Mary S. Newman, and plaintiff, Maria M. Hopkins, and several grandchildren, children of a deceased daughter, his sole heirs at law.

By the first clause of his will, Gorham Pease devised to his son, Franklin D. Pease, his heirs and assigns, the real estate owned by him, and all the goods and chattels' thereon at the time of his death, "in consideration of services heretofore rendered, and to be hereafter rendered to myself, my wife, and my daughter, Beulah, by the said Franklin D. Pease.   The service to be rendered hereafter is:   (1st)  That he, the said Franklin D. Pease, shall give me, so long as I shall live, a full and ample support in all things necessary for a person in my feeble condition.   (2d)  That he, Franklin D. Pease, shall give to his mother, Margaret, a full and ample support so long as she shall live, she having the right to live in the house we now occupy, and shall provide for her so long as she shall live in said house, or any other house, and shall pay all necessary expense at my and her decease.   (3d) That the said Franklin D. Pease shall take care of and provide for my daughter Beulah J. Pease, so long as she remains unmarried, but should she hereafter intermarry, the said Franklin shall pay the sum of $100 at the end of twelve months after her marriage.   (4th)  That he pay all my just debts and necessary expenses, and the following bequests: "two years after the death of testator, viz., to Mrs. Hopkins and Mrs. Newman, $5.00 each, and to four of his grandchildren, $1.25 each."

The second item of the will, concerning which the principal controversy arises, reads as follows:   "Item Second—Should my son, Franklin D. Pease, die at any time, and leaving no heirs of his body, during the lifetime of my said widow, and during the unmarried state of my daughter, Beulah J. Pease, then and in that case it is my will that my widow, Margaret W. Pease shall have and hold all my real estate that may remain at his death during the remainder of her natural life.   No part of the first or second clauses or items of my will shall be so construed as to prevent the said Franklin D. Pease from disposing of all or any part of said real estate herein named by first obtaining the consent of his mother, Margaret W. Pease, if it should become necessary to do so for the fulfillment of any of the obligations he is laid under in carrying the provisions of this my will into its full operation.   And the title to him is intended to be free and unincumbered without any reservations, except the consent of the said Margaret W. Pease must be obtained before the sale of any (land?) shall be made during her lifetime."

The petition further avers that Franklin D. Pease died June 5, 1884, unmarried and leaving no heirs of his body.   The said Margaret W. Pease died intestate November 22, 1892.   Beulah J. Pease, at the death of Franklin, was and still is living and unmarried.   Franklin D. Pease left a will which has been admitted to probate, by which he devised the real estate in question, and gave no part of it to the plaintiff, Mrs. Hopkins.   But she avers that by reason of the premises she has a legal right to, and is seized in fee-simple of, the undivided one-fourth part of said real estate, and she makes all the other heirs at law of Gorham Pease, the original testator, and the devisees under the will of Franklin D. Pease parties defendant, and asks partition to be made of said premises.   To this petition a general demurrer was interposed by the defendants, and was sustained by the court, and the plaintiff not desiring to amend her petition, the action was dismissed at her costs.

The contention of the plaintiff is this:   That by the terms of the will, on the death of Franklin D. Pease, during the lifetime of his mother, and while his sister, Beulah, was living and unmarried, leaving no heirs of his body, the whole estate in the land which had been devised to him by the will of his father, ceased and determined, and that while the mother, by the express terms of the will, then took an estate therein for her life, as the will made no provision whatever as to the disposition of the land on her death, that the remainder or residue of the estate was undevised, and consequently descended to the heirs at law of Gorham M. Pease in fee-simple.   And this for the reasons, 1st, that this is the construction which the law puts upon such a provision in a will, and it must be presumed that for this reason such was the intention of the testator using them,

Hopkins v. Pease et al.

and should be enforced by the court; and 2d, that it further appears from the whole will that it was the intention of the testator that the whole interest of Franklin in the real estate should cease on the contingency mentioned in the will. While the claim of the defendants is that on such contingency, while the mother took a life estate in the realty by way of executory devise, (which it is conceded by counsel for plaintiff that she did) that the title to the land itself subject thereto was in Franklin, and that on his death intestate it would pass to his heirs, or if he disposed of it by will, as he did, that it passed as devised by such will.

Is there, then, in the first place any arbitrary rule or doctrine of the law which requires the construction claimed by plaintiff to be placed on the dispositive words used in the first part of item 2, of the will hereinbefore quoted? The question is concisely discussed in 2 Washburn on Real Property, 638, and we quote the whole of it:

"While it has not been thought advisable to adopt for this work, Mr. Preston's division of executory devises, it seems proper to notice what he calls his sixth class, partly as an example of the artificiality of his classification, and partly as presenting a question of some nicety. He defines his sixth species of executory devises to be 'where there is a devise of an estate of inheritance or any other estate, and on some event a particular estate to a stranger is introduced to take place in derogation of the estate of inheritance, and to a partial, though not total exclusion of the same.' Mr. Powell, in his work on devises, favors this idea of a partial displacement of the first estate. But Mr. Fearne contends against it, on the ground that if the second estate takes effect at all, the first is displaced altogether. The following case involving this question is understood to have arisen in the Supreme Court of Delaware, and the court were divided in opinion upon it, namely: a devise was made to a son and his heirs, but if he died without leaving children, then to A. B. for life. The son died without children. A. B. entered and enjoyed the estate during his life, and then the question arose whether the heirs of the devisor or of the son became entitled to the estate. Upon the theory of Mr. Fearne the estate of the son was wholly defeated. Upon that of Mr. Preston, the life estate of A. B. was carved out of the fee in the son, and all that was left of the estate still remained in his heirs. The remarks of Mr. Powell upon the subject are: 'To this important rule, namely, that an estate subject to an executory devise to arise on a given event, is, on the happening of that event, defeated only to the extent of the executory interest, the only possible objection that can be advanced is, the total absence of direct authority for it, for the books do not furnish a single example of its application.' It may be traveling out of the record to attempt to settle a question upon which such writers differ, or are in doubt. Yet if devises are to be construed according to the intention of the devisors expressed in their wills, and a case occurs where, in terms, the devisor gives away his entire inheritance to an object of his bounty, thereby substituting him in his own place, except that if a certain event happens, a third person is to share in the inheritance, for a limited period, and nothing is said as to what shall then become of the balance of the inheritance, it would strike a common mind that this residue must belong and go to the first named devisee, and that the particular estate given to the second devisee named, should be considered as carved out of the first rather than that the first should be regarded as defeated and the second take effect out of the reversionary interest of the devisor to whom the estate would finally revert."

It would appear from this that there is a difference in opinion of the text writers as the effect of such a devise, and no case is cited to us deciding the question. But it seems to us that the conclusion at which Mr. Washburn arrives, that such language ought not to have the construction or effect claimed by the plaintiff, is the just and reasonable one, and that it should not be held by us that the effect was to destroy the fee-simple before given to Franklin, even if the provision stood alone.

But it does not stand alone, and we are of the opinion from a view of the whole will that the manifest intention of the testator was, that his son was to have the whole estate, subject only to the limitations and restrictions specially mentioned in the will. It was burdened with certain charges and payments to be made by him, and during the lifetime of his mother he could only sell it with her consent. By the first item the land is given to him, his heirs and assigns absolutely. And while in case he dies in the lifetime of his mother and the lifetime of his sister, while she is single, leaving no heirs of his body, the mother is to have the estate for her life, there is no intimation that this is to terminate the estate before granted to him. On the contrary, there is in this same second item, following the provision in controversy, a statement which seems to have been intended to make it plain that such was not the intention of the testator. He says: "And the title to him (Franklin) is intended to be free and unincumbered, without any reservations, except the consent of the said Margaret W. Pease must be obtained before the sale, if any, shall be made during her lifetime."

Especially should the will have this construction in view of several settled principles and rules.

*First*—The provisions of sec. 5970, Rev. Stat., are: "Every devise of lands, tenements and hereditaments in any will hereafter made shall be construed to convey all the estate of the devisor therein, which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate." As to this it is only necessary to say that such intention to convey an estate less than the fee-simple does not clearly or at all appear.

*Second*—It is an admitted rule for the construction of wills that a testator is never presumed to intend to die intestate as to any part of his estate to which his attention seems to have been directed, as it clearly was here.

*Third*—Where an interest is given, or an estate conveyed in one clause of an instrument in clear and decisive terms, such interest cannot be taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the clause giving the interest or estate. *Collins* v. *Collins*, 40 O. S., 351, 364.

For these reasons, we think the court of common pleas did not err in sustaining the demurrer to the petition, and the judgment will be affirmed.

*Frazier & Hicks*, for plaintiff in error.

*D. W. C. Loudon*, for defendants in error.